UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Nordyne, Inc., | ) | |
| | ) | |
|     Plaintiff and Counterclaim-Defendant, | ) | |
| | ) | |
| vs. | ) | 4:09-cv-00203-ERW |
| | ) | |
| RBC Manufacturing Corp., | ) | |
| | ) | |
|     Defendant and Counterclaim-Plaintiff. | ) | |
| | ) | |

**SECOND AMENDED ANSWER AND COUNTERCLAIMS**

Defendant and Counterclaim Plaintiff RBC Manufacturing Corp. ("RBC") hereby responds to the Second Amended Complaint of Plaintiff and Counterclaim Defendant Nordyne, Inc. ("Nordyne") as follows:

### Nature of the Action

1. Admitted.

### Parties

2. RBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. RBC admits it has a principal place of business at 200 State Street, Beloit, Wisconsin 53511.  RBC denies the remaining allegations of paragraph 3.

### Jurisdiction and Venue

4. RBC admits that the amount in controversy in this action exceeds the sum or value of $75,000.  RBC lacks knowledge or information sufficient to form a belief as to the truth

of the allegation that there is diversity of citizenship among the parties. The remainder of Paragraph 4 states legal conclusions to which no answer is required.

5. Paragraph 5 states legal conclusions to which no answer is required.

6. Paragraph 6 states legal conclusions to which no answer is required.

### Acts Giving Rise to the Claims

7. RBC denies that it contacted Nordyne in "late 2008" and states that it contacted Nordyne at least as early as September 2008. RBC admits the allegations in the remainder of paragraph 7.

8. RBC denies that it "repeatedly reiterated" accusations of infringement or that it "threatened" Nordyne. RBC admits the other allegations set forth in Paragraph 8.

9. RBC admits that it asserted forty-four claims of the '058 patent against Nordyne, that the Court issued a claim construction order finding certain claim terms indefinite, and that RBC is continuing to assert and accuse Nordyne of infringing claims 58, 59, 63 and 73 of the '058 patent. RBC denies the remaining allegations in Paragraph 9.

10. RBC admits that Nordyne denies infringing the '058 patent. RBC denies the remaining allegations in Paragraph 10.

11. RBC denies that it made "threats." The remainder of Paragraph 11 states legal conclusions to which no answer is required.

## Count I
### Declaratory Judgment of Non-Infringement of US. Patent No. 5,592,058

12. All preceding paragraphs of this Answer are incorporated herein by reference.

13. Denied.

14. Denied.

15. Denied.

## Count II
### Declaratory Judgment of Invalidity of U.S. Patent No. 5,592,058

16. All preceding paragraphs of this Answer are incorporated herein by reference.

17. Denied.

18. RBC denies the allegations set forth in Paragraph 18, including all subparts of that paragraph.

## Count III
### Declaratory Judgment of Unenforceability of U.S. Patent No. 5,592,058

19. All preceding paragraphs of this Answer are incorporated herein by reference.

20. Denied.

21. Denied.

22. RBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, and on that basis denies those allegations.

23. RBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, and on that basis denies those allegations.

24. RBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and on that basis denies those allegations.

25. RBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, and on that basis denies those allegations.

26. RBC admits that the application for the '058 patent was filed on May 27, 1992. RBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 26, and on that basis denies those allegations.

27. Admitted.

28. RBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28, and on that basis denies those allegations.

29. RBC admits that the named inventors of the '058 patent signed a document titled "Combined Declaration and Power of Attorney for Patent Application." RBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29, and on that basis denies those allegations.

30. RBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30, and on that basis denies those allegations.

31. RBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31, and on that basis denies those allegations.

32. RBC admits that the '896 patent is not cited in the Information Disclosure Statement dated August 4, 1992. RBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 32, and on that basis denies those allegations.

33. RBC admits that U.S. Patent No. 4,648,551 is cited in the August 4, 1992, Information Disclosure Statement and that "Kevin D. Thompson et al." are identified as "inventor(s)." RBC also admits that U.S. Patent No. 4,860,231 is cited in the August 4, 1992, Information Disclosure Statement and that "Ballard et al." are identified as "inventor(s)." RBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 33, and on that basis denies those allegations.

34. RBC admits that the '896 patent is not cited in the May 22, 1995, Information Disclosure Statement. RBC lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations set forth in Paragraph 34, and on that basis denies those allegations.

35. RBC admits that the '896 patent is not cited in the August 28, 1995, Request for Reconsideration of Information Disclosure Statement. RBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 35, and on that basis denies those allegations.

36. RBC admits, on information and belief, that the '896 patent was not among the patents, publications, and other references disclosed to the Patent Office during the prosecution of the application resulting in the '058 patent. RBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36, and on that basis denies those allegations.

37. RBC admits that the '058 patent issued on January 7, 1997. RBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37, and on that basis denies those allegations.

38. RBC admits that the '058 patent issued on January 7, 1997. RBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 38, and on that basis denies those allegations.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

# Count IV

## Declaratory Judgment of Unenforceability of U.S. Patent No. 5,592,058

55. All preceding paragraphs of this Answer are incorporated herein by reference.

56. Denied.

57. Denied.

58. RBC admits, on information and belief, that RBC00008074-RBC00008090, which is attached as Exhibit C to the Second Amended Complaint, was sent to the Trane Company on or about October 24, 1990. RBC denies the remaining allegations set forth in Paragraph 58.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. RBC admits that the named inventors of the '058 patent signed a document titled "Combined Declaration and Power of Attorney for Patent Application." RBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 64, and on that basis denies those allegations.

65. Denied.

66. RBC admits that an Information Disclosure Statement was filed with the USPTO on August 4, 1992, in connection with the application for the '058 patent. RBC denies the remaining allegations set forth in Paragraph 66.

67. RBC admits that a Request for Reconsideration of Information Disclosure Statement was filed with the USPTO on May 22, 1995, in connection with the application for the '058 patent. RBC denies the remaining allegations set forth in Paragraph 67.

68. RBC admits that an Information Disclosure Statement was filed with the USPTO on August 28, 1995, in connection with the application for the '058 patent. RBC denies the remaining allegations set forth in Paragraph 68.

69. Denied.

70. RBC admits that the '058 patent issued on January 7, 1997. RBC denies the remaining allegations set forth in Paragraph 70.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

Except as expressly admitted herein, RBC denies the allegations of Nordyne's Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

79. Nordyne is not entitled to any relief because Nordyne is infringing one or more claims of the '058 patent.

### Second Affirmative Defense

80. Nordyne is not entitled to any relief because the claims of the '058 patent are valid and enforceable.

## COUNTERCLAIMS

### PARTIES

81. RBC Manufacturing Corp. ("RBC") is a Wisconsin corporation with its principal place of business at 200 State Street, Beloit, Wisconsin, 53511.

82. Upon information and belief, Nordyne Inc. ("Nordyne") is a Delaware Corporation having a principal place of business at 8000 Phoenix Parkway, O'Fallon, Missouri 63368.

### JURISDICTION AND VENUE

83. This Court has subject matter over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

84. Nordyne is subject to personal jurisdiction in this district.

85. Venue for this action is proper under 28 U.S.C. §§ 1391 and 1400(b).

## FACTS

86. RBC is the owner by assignment of U.S. Patent No. 5,592,058 ("the '058 patent") entitled "Control System and Methods for a Multiparameter Electronically Commutated Motor" with the United States Patent and Trademark Office duly and legally issued on January 7, 1997. A true and correct copy of the '058 patent was attached as Exhibit A to Nordyne's Second Amended Complaint.

87. The Claims of the '058 Patent are valid and enforceable.

88. Nordyne manufactures, uses, offers for sale and sells products in the United States which infringe one or more claims of the '058 patent, including its G7 furnace systems and iQ Drive 23-SEER air conditioning systems.

89. Nordyne induces others to infringe one or more claims of the '058 patent through its sale of infringing products.

90. Nordyne is not licensed under the '058 patent.

91. The damage to RBC from Nordyne's infringement of the '058 patent is significant and irreparable.

## COUNTERCLAIM

### INFRINGEMENT OF THE '058 PATENT

92. RBC incorporates the allegations contained in the preceding paragraphs of its Counterclaims as if fully set forth herein.

93. Nordyne has and continues to infringe and induce infringement of the '058 Patent by making, using, offering to sell, and selling within the United States its infringing products.

94. On information and belief, Nordyne's unlawful conduct, including as described above, is deliberate, knowing, and in willful disregard of RBC's property rights.

95. As a result of Nordyne's infringement of the '058 Patent, RBC has suffered, is suffering, and will continue to suffer severe and irreparable harm and substantial damages, unless such infringement is enjoined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, RBC requests that the Court:

1. Enter judgment that Nordyne has and continues to infringe the '058 patent;

2. Enjoin Nordyne, its officers, directors, employees, agents, licensees, successors and assigns, and all persons in concert with them, from further infringement of the '058 patent;

3. Declare the '058 patent valid and enforceable;

4. Award RBC compensatory damages caused by Nordyne's infringement of at least a reasonable royalty on sales of Nordyne's infringing systems, plus prejudgment and post-judgment interest accrued on such amounts as provided by law;

5. Award RBC its costs and expenses of this litigation, including reasonable attorneys' fees and disbursements, pursuant to 35 U.S.C. § 285; and

6. Award RBC further relief as the Court deems just and proper.

## JURY DEMAND

RBC requests a trial by jury on all issues so triable.

//

//

//

//

| | |
|---|---|
| May 16, 2011 | /s/ Nathan L. Walker |

                                    Robert J. Gunther, Jr. *(pro hac vice)*
                                    Omar A. Khan *(pro hac vice)*
                                    Martin E. Gilmore *(pro hac vice)*
                                    Wilmer Cutler Pickering Hale and Dorr LLP
                                    399 Park Avenue
                                    New York, NY 10022
                                    Tel.: (212) 230 8800
                                    Fax: (212) 230 8888

                                    Nathan L. Walker *(pro hac vice)*
                                    Wilmer Cutler Pickering Hale and Dorr LLP
                                    950 Page Mill Road
                                    Palo Alto, CA 94304
                                    Tel: (650) 858 6000
                                    Fax: (650) 858 6100

                                    Daniel V. Williams *(pro hac vice)*
                                    Wilmer Cutler Pickering Hale and Dorr LLP
                                    1875 Pennsylvania Avenue, NW
                                    Washington, D.C. 20006
                                    Tel.: (202) 663 6000
                                    Fax: (202) 663 6363

                                    Matthew Sauter
                                    Kevin A. Sullivan
                                    msauter@ss-law.net
                                    ksullivan@ss-law.net
                                    SAUTER SULLIVAN LLC
                                    3415 Hampton Avenue
                                    St. Louis, MO 63139
                                    Tel.: (314) 768-6802
                                    Fax: (314) 781-2726

                                    ***Attorneys for Defendant and***
                                    ***Counterclaim-Plaintiff***
                                    ***RBC Manufacturing Corporation***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2011, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

| | |
|---|---|
| **Ameer Gado**<br>**Daniel A. Crowe**<br>**David A. Roodman**<br>**Emma C. Harty**<br>**Nick E. Williamson**<br>**Robert G. Lancaster**<br>BRYAN CAVE LLP<br>Email: aagado@bryancave.com<br>Email: dacrowe@bryancave.com<br>Email: daroodman@bryancave.com<br>Email: emma.harty@bryancave.com<br>Email: nick.williamson@bryancave.<br>Email: rglancaster@bryancave.com | **Robert J. Gunther , Jr.**<br>**Daniel V. Williams**<br>**Nathan L. Walker**<br>**Omar A Khan**<br>**Martin E. Gilmore**<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>Email: robert.gunther@wilmerhale.com<br>Email: daniel.williams@wilmerhale.com<br>Email: nathan.walker@wilmerhale.com<br>Email: omar.khan@wilmerhale.com<br>Email: martin.gilmore@wilmerhale.com |
| **Michael A. Kahn**<br>BRICKHOUSE LAW GROUP<br>Email: mkahn@brickhouselaw.com | **Kevin A. Sullivan**<br>**Matthew J. Sauter**<br>SAUTER SULLIVAN, LLC<br>Email: ksullivan@ss-law.net<br>Email: msauter@ss-law.net |

May 16, 2011

/s/  Nathan L. Walker

Nathan L. Walker (*Pro Hac Vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA  94304
*ATTORNEYS FOR RBC MANUFACTURING CORP.*

US1DOCS 7941382v1