UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORDYNE, INC, ) | |
| ) | |
| Plaintiff and Counterclaim-Defendant, ) | |
| ) | |
| vs. ) | Case No. 4:09CV00203 ERW |
| ) | |
| RBC MANUFACTURING CORP., ) | |
| ) | |
| Defendant and Counterclaim-Plaintiff. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on RBC Manufacturing Corporation's Emergency Motion For Additional Time To Continue and Complete the Deposition of United Technologies Electronic Controls, Inc. [doc. #87]. A telephone hearing was held on May 19, 2011, and the Court heard arguments from the Parties on the pending Motion.

Defendant RBC Manufacturing Corporation requests that the Court grant additional time to continue questioning the designee of United Technologies Electronic Controls, Inc. ("UTEC") in a deposition for an additional three (3) hours. RBC argues that good cause exists for allowing the additional time and states the following two reasons in support of its motion: (1) UTEC, a third-party supplier of components to Nordyne is the sole source of critical information about the structure and operation of the accused Nordyne products at issue in this suit; and (2) RBC, consistent with the Court's instruction to the parties on May 6, 2011, received an initial four hours to examine UTEC's designee on May 6, but was unable to complete its examination and needs additional time to complete its examination on key issues and documents.

Federal Rule of Civil Procedure 30(d)(1) provides: "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent,

another person, or any other circumstance impedes or delays the examination." Thus, although RBC has already deposed UTEC's designee, the Court finds that the four hours RBC spent deposing UTEC's designee was insufficient to adequately depose the designee on all the proposed topics and to the satisfaction of RBC. Furthermore, the delivery of 333 pages of documents delivered to the Parties by UTEC the day before the deposition persuades the Court that RBC requires more time to continue and complete its examination of UTEC. RBC will therefore be permitted three (3) additional hours to depose UTEC's designee. Plaintiff Nordyne will also be permitted to depose UTEC's designee for three (3) hours.

Accordingly,

**IT IS HEREBY ORDERED** that RBC Manufacturing Corporation's Emergency Motion For Additional Time To Continue and Complete the Deposition of United Technologies Electronic Controls, Inc. is **GRANTED**. RBC will be permitted to depose the designee of United Technologies Electronic Controls, Inc. for an additional three (3) hours, and Nordyne will be allowed three (3) hours for its questions. The Parties will determine the availability of the designee and mutually agree upon a time and place for the deposition.

**IT IS HEREBY FURTHER ORDERED** that the reports of experts due on damages will remain on the current schedule. The deadlines for all other expert reports will be determined by joint stipulation by the Parties. The Parties shall file their joint stipulation relating to expert report deadlines and the completion of all discovery deadlines no later than **May 27, 2011**. All other deadlines in this Court's Second Amended Case Management Order [doc. #63] remain in effect.

Dated this 20th Day of May, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE